UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEAN K. CONQUISTADOR,
    Plaintiff,

v.

HARTFORD POLICE DEPARTMENT, et al.,
    Defendants.

No. 3:15-cv-1617 (MPS)

## RULING ON MOTION TO DISMISS

### I.  Introduction

Plaintiff Jean Conquistador has brought this lawsuit against the City of Hartford, Hartford Police Department, Hartford Police Officer John Doe 1, and Hartford Police Officer John Doe 2, alleging a violation of his constitutional rights under 42 U.S.C. § 1983. In an initial review order, the Court accepted Plaintiff's amended complaint only as to the City of Hartford.  The City of Hartford has moved to dismiss the complaint because the plaintiff has failed to state a claim upon which relief can be granted.  For the reasons stated below, the Motion to Dismiss is GRANTED.

### II.  Background

#### A.  Allegations

The plaintiff alleges the following facts.  The plaintiff is Latino. (Amended Complaint, ECF No. 10 at ¶ 1.)  On July 31, 2015, at approximately 7:15am, the plaintiff was "inspecting a BMW and a Mercedes-Benz parked on the corner of Greenfield Street and Enfield Street.  (*Id.* at ¶ 2.)  At that time, Defendant John Doe 1 approached the plaintiff in a police cruiser and "began interrogating the plaintiff," aking questions like "what are you doing?  Why are you here?  Are you selling drugs?"  (*Id.* at ¶ 3.)  The plaintiff responded that "he was only inspecting the vehicles in the parking lot for a possible purchase," and John Doe 1 replied "yeah right," demanding that the plaintiff produce identification.  (*Id.* at ¶ 4-5.)  As John Doe 1 got out of his

vehicle, another white officer approached the plaintiff.  (*Id.* at ¶ 6.)  Plaintiff asked John Doe 1 why he was being asked to produce identification, and John Doe 1 replied that the Hartford Police Department "received a call from a Hartford resident complaining of people 'walking in the area' too much."  (*Id.* at ¶ 7.)  Police Officer John Doe 2 began asking the plaintiff questions and stated "a Puerto Rican checking out a BMW and a Mercedes Benz.  You must be selling drugs."  (*Id.* at ¶ 8.)  John Doe 1 then stated, "maybe he's trying to steal one of the cars."  (*Id.*)  Plaintiff denied both allegations.  (*Id.*)  John Doe 2 then wrote down the plaintiff's information and ordered him to leave the area, informing him that "they would arrest him if they saw him again."  (*Id.* at ¶ 9.)  The plaintiff asked "for what?" and John Doe 1 replied "we'll think of something, now get the fuck out of here!"  (*Id.* at ¶ 10.)

The plaintiff later called the Hartford Police Department and asked if they had received any complaints on July 31, 2015 by Hartford residents complaining of people "walking in that area too much."  (*Id.* at ¶ 11.)  The officer he spoke with "checked the call logs for that day" and told him that "there were no such calls."  (*Id.*).

### B.  Procedural History

Plaintiff filed this lawsuit on November 9, 2015, along with a motion to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)  On November 30, 2015, Magistrate Judge Sarah Merriam filed a Recommended Ruling, dismissing the complaint without prejudice and denying the motion to proceed *in forma pauperis*.  (ECF No. 8.)  On December 7, 2015, plaintiff filed an amended complaint.  (ECF No. 10.)  On July 28, 2015, District Judge Charles Haight approved Magistrate Judge Merriam's Recommended Ruling, but accepted the amended complaint only as to the Defendant City of Hartford.  (ECF No. 20.)  Judge Haight noted that the plaintiff had not altered his complaint as to the Hartford Police Department or the John Doe defendants, and thus

dismissed the complaint as to those defendants.[1]  (*Id.*)  This case was transferred to this Court on October 5, 2016.

### III.  Standard

Under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the Plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570. Under *Twombly*, the Court accepts as true all of the complaint's factual allegations when evaluating a motion to dismiss. *Id*. at 572. The Court must "draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). "When a complaint is based solely on wholly conclusory allegations and provides no factual support for such claims, it is appropriate to grant defendants['] motion to dismiss." *Scott v. Town of Monroe*, 306 F. Supp. 2d 191, 198 (D. Conn. 2004). For a complaint to survive a motion to dismiss, "[a]fter the court strips away conclusory allegations, there must remain sufficient well-pleaded factual allegations to nudge plaintiff's claims across the line from conceivable to plausible." *In re Fosamax Products Liab. Litig.*, 2010 WL 1654156, at *1 (S.D.N.Y. Apr. 9, 2010).  In other words "a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Vega v. Hempstead Union Free Sch. Dist.,* 801 F.3d 72, 86 (2d Cir. 2015) (internal quotation marks and citation omitted).

### IV.  Discussion

The plaintiff invokes 42 U.S.C. § 1983, alleging "discrimination, racial profiling and harassment" in violation of his equal protections rights under the Fourteenth Amendment. (ECF No. 10 at 5.)  To state a claim under Section 1983, the plaintiff must allege that a person acting

---

[1] The Order dismissed the claims against the Hartford Police Department with prejudice and the claims against the John Doe defendants without prejudice.

under color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. The only claim remaining is against the City of Hartford.

"A municipality may be liable under Section 1983 for any 'policy or custom' that causes a 'deprivation of rights protected by the Constitution.'" *Canzoneri v. Inc. Village of Rockville Centre*, 986 F. Supp. 2d 194, 204 (E.D.N.Y. 2013) (quoting *Monell v. Dep't of Soc. Servs. of New York*, 439 U.S. 658, 690 (1978)). To state such a claim, the plaintiff must allege that "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quotations and citations omitted). "The failure to train or supervise city employees may constitute an official policy or custom if the failure amounts to 'deliberate indifference' to the rights of those with whom the city employees interact." *Id.* at 195 (quotations and citations omitted).

Plaintiff has failed to allege any official policy or custom, or any claim that the City of Hartford failed to train or supervise its employees. Thus, the claim against the City of Hartford is dismissed.

## V.     Conclusion

For the reasons stated above, the claims against the City of Hartford are DISMISSED with prejudice. Plaintiff's Motion to Compel Answer (ECF No. 27), Motion for Extension of Time (ECF No. 28), and Motion to Appoint Counsel (ECF No. 36) are DENIED as moot. The Clerk is directed to close the case.

IT IS SO ORDERED.

    /s/
Michael P. Shea, U.S.D.J.

Dated:		Hartford, Connecticut
		March 13, 2017